United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2006**

Charles R. Fulbruge III
Clerk

REVISED NOVEMBER 30, 2006
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-50399

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO SANTIESTEBAN-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:04-CR-2074

Before KING, GARWOOD, and JOLLY, Circuit Judges.

KING, Circuit Judge:

Defendant-appellant Pedro Santiesteban-Hernandez appeals the sentence imposed by the district court upon his conviction for illegal reentry, arguing that (1) his conviction for robbery under Texas Penal Code § 29.02(a)(1) does not qualify as a crime of violence under § 2L1.2 of the Sentencing Guidelines, and (2) the application of the enhancement penalties of 8 U.S.C. § 1326(b)(1) violates his due process rights. For the following reasons, we AFFIRM.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant-appellant Pedro Santiesteban-Hernandez ("Santiesteban"), a Mexican citizen, was convicted of robbery under Texas Penal Code § 29.02(a)(1) on September 3, 1999.[1] Following this conviction, Santiesteban was removed from the United States in May 2004.

On September 2, 2004, Santiesteban attempted, albeit unsuccessfully, to reenter the United States by declaring himself a U.S. citizen at the border crossing. Santiesteban had not received permission from the Attorney General or the Secretary of Homeland Security to reapply for admission. Santiesteban was arrested and charged in a one-count indictment of illegal reentry after removal in violation of 8 U.S.C. § 1326.

Pursuant to 8 U.S.C. § 1326(b)(1), the government filed notice of its intent to seek additional available statutory penalties. Santiesteban objected to the government's attempt to secure the additional penalty enhancement based on Apprendi v. New Jersey, 530 U.S. 466 (2000). This objection was overruled.

At sentencing, the district court followed the recommendation of the Presentence Investigation Report and set Santiesteban's base offense level for the reentry offense at eight. Using the 2005 version of the U.S. Sentencing Guidelines

---

[1] The record does not contain either the Texas charging instrument or any other documents or pleadings in the robbery case.

2

("U.S.S.G."), the district court applied a sixteen-level

enhancement, finding that Santiesteban's prior robbery conviction

constituted a crime of violence within the meaning of U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).[2] The district court then applied a three-

level reduction based on Santiesteban's acceptance of

responsibility, for a total offense level of twenty-one.

Santiesteban objected that his robbery conviction did not qualify

as a crime of violence because the Texas robbery statute does not

require the use or threatened use of force to commit robbery.

The district court overruled the objection and sentenced him to

seventy-seven months' imprisonment and three years' supervised

release.  Santiesteban timely appealed.

## II. DISCUSSION

### A.   Crime of Violence

On appeal, Santiesteban renews his contention that the

sixteen-level offense enhancement was improper because his prior

---

[2]      The Commentary to U.S.S.G. § 2L1.2(b)(1)(A)(ii) defines
the following as crimes of violence:
>            murder, manslaughter, kidnapping, aggravated
>            assault, forcible sex offenses, statutory
>            rape, sexual abuse of a minor, robbery, arson,
>            extortion, extortionate extension of credit,
>            burglary of a dwelling, or any offense under
>            federal, state, or local law that has as an
>            element the use, attempted use, or threatened
>            use of physical force against the person of
>            another.
U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2005).  When reviewing the
application of the U.S.S.G., we look to the version in effect at
the time of the sentencing.  U.S.S.G. § 1B1.11.

Texas robbery conviction was not a crime of violence.  The Commentary to U.S.S.G. § 2L1.2 states that a prior conviction may qualify as a crime of violence if (1) it is one of the predicate offenses listed in that section or (2) it has as an element of the crime the use, attempted use, or threatened use of physical force against the person of another.  U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).  Santiesteban argues that his conviction for robbery under Texas Penal Code § 29.02 does not meet either prong of the definition, and as a result the enhancement of his sentence was improper.  We disagree.  A conviction under § 29.02 qualifies as a "robbery," one of the predicate offenses listed in the Commentary to § 2L1.2.  U.S.S.G. § 2L1.2. cmt. n.1(B)(iii).

Santiesteban does not dispute the fact of his prior robbery conviction, only its characterization as a crime of violence under U.S.S.G. § 2L1.2.  We review this characterization de novo. United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc).

Because the enhancement provision does not define the predicate offense of "robbery," we must first find its "generic, contemporary meaning," United States v. Taylor, 495 U.S. 575, 598 (1990), which this circuit has explained as the crime's "ordinary, contemporary, common meaning."  United States v. Sanchez-Ruedas, 452 F.3d 409, 412 (5th Cir. 2006); United States v. Izaguirre-Flores, 405 F.3d 270, 275 & n.16 (5th Cir. 2005); United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir.

4

2004); <u>United States v. Zavala-Sustaita</u>, 214 F.3d 601, 604 (5th Cir. 2000).  This meaning is uniform and independent of the "labels employed by the various States' criminal codes."  <u>Taylor</u>, 495 U.S. at 592.  Accordingly, Texas's designation of Texas Penal Code § 29.02 as its "robbery" statute does not necessarily mean that it qualifies as "robbery" under § 2L1.2.  <u>See</u> <u>id.</u>  Instead, we must determine whether the offense defined by Texas Penal Code § 29.02 falls within the generic, contemporary meaning of "robbery."

The generic, contemporary meaning of a predicate offense "roughly correspond[s] to the definitions of [the crime] in a majority of the States' criminal codes."  <u>Id.</u> at 589.  When distilling these definitions, this court must take a "common sense approach," <u>Sanchez-Ruedas</u>, 452 F.3d at 412, that identifies the crime's "basic elements."  <u>Taylor</u>, 495 U.S. at 599.  To ensure that the appropriate elements are identified, this approach must be guided by the recognition that categorical offense designations like "robbery" are intended "to capture all offenses of a certain level of seriousness."  <u>Taylor</u>, 495 U.S. at 590.

Sources of generic, contemporary meaning include the Model Penal Code, treatises, federal and state law, dictionaries, and the Uniform Code of Military Justice.  <u>See</u> <u>id.</u> at 592 (looking to the MODEL PENAL CODE and W. LaFave & A. Scott, SUBSTANTIVE CRIMINAL LAW (1986)); <u>Izaquirre-Flores</u>, 405 F.3d at 275 (relying on

5

definitions from BLACK'S LAW DICTIONARY (8th ed. 2004) and WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986)); Dominguez-Ochoa, 386 F.3d 639, 644–46 (2004) (surveying W. LaFave & A. Scott, SUBSTANTIVE CRIMINAL LAW (1986), federal and state statutes, the UNIFORM CODE OF MILITARY JUSTICE, and the MODEL PENAL CODE); United States v. Vargas-Duran, 356 F.3d 598, 602–03 (2004) (considering definitions from BLACK'S LAW DICTIONARY (7th ed. 1999), the OXFORD ENGLISH DICTIONARY (2d ed. 1979), and WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1986)).

After determining the generic, contemporary meaning of the predicate offense, we must then compare it to the statute governing the prior conviction.  See Taylor, 495 U.S. at 599.  If the defendant was convicted under a statute following the generic definition with minor variations, or a statute narrower than the generic crime, the sentence enhancement may be applied.  See id.

With this framework in mind, we turn to the Texas offense to determine whether it qualifies as "robbery" under § 2L1.2.  As a preliminary matter, Santiesteban argues that Texas Penal Code § 29.02 is not a crime of violence because it does not define "robbery" in terms of the use or threat of force.  If our analysis were to focus on the second prong of the crime of violence definition, which has a force requirement, this omission would be dispositive.  However, our analysis instead centers on the first prong, which does not require a predicate offense to have as an element the use or threat of force against another

6

person.  See United States v. Rayo-Valdez, 302 F.3d 314, 317 (5th Cir. 2002).[3]  Thus, the issue is not merely whether § 29.02 has as an element the use or threat of force, but whether the use or threat of force is part of the generic, contemporary meaning of "robbery."[4]

Although the precise state definitions vary, the generic form of robbery "may be thought of as aggravated larceny," containing at least the elements of "misappropriation of property under circumstances involving [immediate] danger to the person." WAYNE R. LaFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003).  The immediate danger element is what makes robbery "deserving of greater punishment than that provided for larceny" and extortion, id., and has been implemented by the states in two

---

[3]    Santiesteban relies upon Vargas-Duran, Calderon-Pena, and Sarmiento-Funes, but those cases do not support his position. In those cases, we considered the second prong of the crime of violence definition, whether the underlying statute of conviction "has as an element the use, attempted use, or threatened use of physical force against another."  See Vargas-Duran, 356 F.3d at 599-600; Calderon-Pena, 383 F.3d at 256-58; United States v. Sarmiento-Funes, 374 F.3d 336, 340-42 (5th Cir. 2004).  Although Sarmiento-Funes discusses both prongs of the definition, the language relied on by the defendant is from the discussion of the second prong.  374 F.3d at 340-42.

[4] This appeal does not present the question of whether the mens rea differs between the statute governing the defendant's offense and the generic, contemporary meaning of the offense. However, such a situation would not alter the analysis; rather, mens rea would be another basic element on which the two definitions must correspond.  See, e.g., Dominguez-Ochoa, 386 F.3d at 644-46 (holding that Texas's negligent homicide statute is not equivalent to the generic meaning of manslaughter, which requires a recklessness mens rea).

7

main ways.  The majority of states require property to be taken from a person or a person's presence by means of force or putting in fear.[5]  See, e.g., ALA. CODE § 13A-8-43(a) (West 2003); WIS. STAT. ANN. § 943.32 (West 2005).  Texas, the Model Penal Code, and ten other states differ somewhat in that they define the immediate danger in terms of bodily injury.[6]  Texas Penal Code § 29.02 reads:

---

[5]    Thirty-eight states, the District of Columbia, and Professor LaFave take this approach.  See, e.g., ALA. CODE § 13A-8-43(a) (West 2003); ARK. CODE ANN. § 5-12-102(A) (2003); CONN. GEN. STAT. ANN. § 53a-133 (West 2001); DEL. CODE ANN. tit. 11, § 831(a) (2004); D.C. CODE § 22-2801 (2006); GA. CODE ANN. § 16-8-40(a) (West 2003); 720 ILL. COMP. STAT. ANN. 5/18-1(a) (West 2003); IND. CODE ANN. § 711.1 (West 2003); KY. REV. STAT. ANN. § 515.030 (West 1995); LA. REV. STAT. ANN. § 14:65(A) (West 1997); MD. CODE ANN.§ 3-401(e) (West 2003); MASS. GEN. LAWS ANN. CH. 265, § 19(b) (West 2000); MISS. CODE ANN. § 97-3-73 (West 2003); N.H. REV. STAT. ANN. § 636:1(I) (West 1996); N.C. GEN. STAT. ANN. § 14-87.1 (West 2003); N.Y. PENAL CODE § 160.00 (McKinney 2003); OKLA. STAT. ANN. tit. 21, § 791 (West 2002); R.I. GEN. LAWS § 11-39-1(b) (West 2003); S.C. CODE ANN. § 16-11-325 (West 2003); see also 3 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 (2d ed. 2003).

[6]    Texas, ten other states, and the Model Penal Code follow this approach and define "robbery" in terms of "bodily injury" or "committing violence" or "physical harm".  See, e.g., TEX. PEN. CODE ANN. § 29.02; see also ME. REV. STAT. ANN. tit. 17-A, § 651(I)(A) (West 2003); MONT. CODE ANN. § 45-5-401(1) (2003); N.J. STAT. ANN. § 2C:15-1(a) (West 1995); N.D. CENT. CODE § 12.1-22-01(1) (2005); OHIO REV. CODE ANN. § 2911.02(A)(2) (West 2002); W. VA. CODE ANN. § 61-2-12(b) (West 2003); WYO. STAT. ANN. § 6-2-401(a)l (2003); MODEL PEN. CODE § 222.1.  Some states, such as New Jersey, include both force and bodily injury in their statute. See, e.g., N.J. STAT. ANN. § 2C:15-1(a) (West 1995).  Not all robbery statutes fall squarely into the two categories. See, e.g., VA. CODE ANN. § 18.2-58 (West 2006) (defining "robbery" as theft "by strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, or by the threat or presenting of firearms, or other deadly weapon or instrumentality.").

8

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PEN. CODE ANN. § 29.02 (Vernon 2006). Similarly, the Model Penal Code provides:

> A person is guilty of robbery if, in the course of committing a theft, he:
> (a) inflicts serious bodily injury upon another; or
> (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or
> (c) commits or threatens immediately to commit any felony of the first or second degree.

MODEL PENAL CODE § 222.1.[7]

Although the bodily injury approach implements the immediate danger element without addressing force, the approach still recognizes that "[r]obbery is appropriately defined as a separate and serious offense because of the special elements of danger commonly associated with forcible theft from the person." MODEL PENAL CODE § 222.1, cmt. at 108 (2001). In other words, the

---

[7] Santiesteban contends that Texas Penal Code § 29.02 should not be considered a crime of violence because it does not require the bodily injury to be serious, as does Model Penal Code § 222.1. We disagree. The Model Penal Code's requirement of serious injury is not dispositive because generic robbery does not require serious bodily injury. The Model Penal Code's requirement of serious injury is even narrower than the Texas statute. See TEX. PEN. CODE ANN. § 29.02; MODEL PENAL CODE § 222.1.

bodily injury approach focuses on the realization of the immediate danger rather than the means by which the immediate danger is created, but they are two sides of the same coin:

> Any taking from the person will involve some use of 'force' and perhaps 'fear' in some general sense of being startled. But it is force or threat of force directed at placing the victim in serious fear for his safety that justifies the escalated penalties of the robbery offense.

MODEL PENAL CODE § 222.1, cmt. at 108 (1980).

In United States v. Sanchez-Ruedas, 452 F.3d 409 (5th Cir. 2006), this circuit faced a similar issue when it considered whether the California assault with a deadly weapon statute was a crime of violence under the Sentencing Guidelines. In its analysis of whether the statute fit within the generic, contemporary meaning of "aggravated assault," the court compared the California statute under which the defendant was convicted to the Model Penal Code's definition of aggravated assault. Id. at 413-15. The California statute prohibited assault upon the person of another with a deadly weapon or instrument other than a firearm or by means of force likely to produce great bodily injury. CAL. PENAL CODE § 240 (West 1995). In contrast, the Model Penal Code provided for conviction of a defendant who "attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly . . . or attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." MODEL PENAL CODE § 211.1(2). Notwithstanding the

10

minor differences between the definitions, the court concluded that "California's focus on the defendant's intentional conduct in contrast to the Model Penal Code's intentional result is not enough to remove the California statute from the family of offenses commonly known as 'aggravated assault.'"  Id. at 414.

A similar conclusion is appropriate here.  Although the majority of states focus on an act of force in articulating the requisite level of immediate danger, and the Texas statute focuses on the realization of the immediate danger through actual or threatened bodily injury, the difference is not enough to remove the Texas statute from the family of offenses commonly known as "robbery."  Rather, the elements of the Texas statute substantially correspond to the basic elements of the generic offense, in that they both involve theft and immediate danger to a person.

Accordingly, the district court did not err by enhancing Santiesteban's sentence for his prior § 29.02 conviction.  This holding is the natural result of the "common sense approach" that this court has adopted to address similar questions.  See United States v. Torres-Diaz, 438 F.3d 529, 536-38 (5th Cir. 2006); Sanchez-Ruedas, 452 F.3d at 413-14.

B.    Apprendi Challenge

Santiesteban also contends that 8 U.S.C. § 1326(b) violates the Sixth Amendment under Apprendi.  530 U.S. at 466.  He

11

acknowledges that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but raises it to preserve it for further review.  We have "repeatedly rejected arguments like the one made by [Santiesteban] and . . . held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>."  <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005); <u>see also</u> <u>United States v. Delagado-Nunez</u>, 295 F.3d 494, 498 (5th Cir. 2002) ("<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>, which therefore remains good law.").  Accordingly, Santiesteban's argument that § 1326 is unconstitutional in light of <u>Apprendi</u> fails.

## III. CONCLUSION

Santiesteban's guilty-plea conviction and the sentence imposed are AFFIRMED.

12