United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41402
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL MORENO-MERCADO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-304-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manuel Moreno-Mercado (Moreno) appeals the sentence imposed following his guilty-plea conviction of being knowingly and unlawfully present in the United States after previously having been denied admission, excluded, deported, or removed subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b). Moreno argues that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas robbery conviction under TEX. PENAL CODE

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ANN. § 29.02 (Vernon 1999). He also argues that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Robbery is expressly listed as a crime of violence in the commentary to § 2L1.2. See § 2L1.2, cmt. n.1(b)(iii). This court recently held in United States v. Santiesteban-Hernandez, 469 F.3d 376, 378-82 (5th Cir. 2006), that the Texas robbery statute, § 29.02, qualifies as the enumerated offense "robbery" for § 2L1.2 purposes. Moreno's arguments are almost identical to the arguments made in Santiesteban-Hernandez, 469 F.3d at 378-82, and therefore do not provide a basis for relief.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court precedent, Moreno challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Moreno's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Moreno properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit

precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.