United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10209
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEO CORNELIUS MOORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-138-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cleo Cornelius Moore appeals the sentence imposed following his guilty-plea conviction of bank robbery. Moore argues that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1 and that the district court's upward departure to the statutory maximum sentence of 240 months of imprisonment was unreasonable.

Moore contends that the career offender enhancement should not have been applied because his prior North Carolina state convictions for common law robbery do not meet the definition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a crime of violence under U.S.S.G. § 4B1.2.  He asserts that the North Carolina definition of common law robbery encompasses theft from a person but that this conduct does not qualify as a crime of violence under § 4B1.2.

We review the district court's application of the Guidelines de novo and its factual findings for clear error.  United States v. Charon, 442 F.3d 881, 886-87 (5th Cir.), cert. denied, 127 S. Ct. 260 (2006).  Because robbery is an enumerated offense under § 4B1.2, comment. (n.1), we look to whether the state offense constitutes "robbery" as that term is understood in its "ordinary, contemporary, [and] common meaning."  See United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir.) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 253 (2005).  "[T]he generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person."  United States v. Santiesteban-Hernandez, 469 F.3d 376, 380 (5th Cir. 2006) (citation omitted) (addressing enumerated offense under U.S.S.G. § 2L1.2).  This includes taking the property by force or by putting the person in fear.  Id.

In North Carolina, common law robbery is defined as "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear."  State v. Parker, 369 S.E.2d 596, 600 (N.C. 1988)

(internal quotation marks and citation omitted).  Because this definition substantially corresponds to the elements of the generic offense, the district court did not err by applying the career offender enhancement based on its finding that Moore's state common law robbery offenses qualified as crimes of violence.  See Charon, 442 F.3d at 886-87.

Moore also argues that his sentence is unreasonable because the district court departed upward from the advisory guidelines range based on his criminal history, which had already been taken into account in calculating his criminal history score and in applying the career offender enhancement.  He contends that the district court erred by not analyzing the intermediate steps in the sentencing table before arriving at the 240-month sentence imposed.

We review the district court's decision to depart and the extent of departure for abuse of discretion.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  The district court upwardly departed under U.S.S.G. § 4A1.3, p.s., finding that Moore's "criminal history category substantially under-represents the seriousness of his criminal history and the likelihood that he will commit other crimes."  The district court considered the factors in 18 U.S.C. § 3553(a), including the facts of Moore's prior convictions and the objectives of punishment, deterrence, and protection of the public.  The district court reached the sentence imposed by moving incrementally down the sentencing

table by three levels in Criminal History Category VI.  See

United States v. Ashburn, 38 F.3d 803, 809 (5th Cir. 1994)

(en banc).  Because the reasons offered by the district court

advance the objectives in 18 U.S.C. § 3553(a) and are justified

by the facts of the case, the district court did not abuse its

discretion in imposing the 240-month sentence.  See United States

v. Saldana, 427 F.3d 298, 310 (5th Cir.), cert. denied,

126 S. Ct. 810 (2005); United States v. Smith, 417 F.3d 483,

491-93 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005).

AFFIRMED.