United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50645
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MANUEL GONZALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2600-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Manuel Gonzalez appeals his conviction and sentence

following his guilty plea to illegal reentry into the United

States following deportation.  He argues for the first time on

appeal that the district court erred in enhancing his sentence

under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior robbery

conviction under TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 1994).

    Robbery is expressly listed as a crime of violence in the

commentary to § 2L1.2.  See § 2L1.2, comment.(n.1(b)(iii)).

We recently held in United States v. Santiesteban-Hernandez,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

469 F.3d 376, 378-82 (5th Cir. 2006), that the Texas offense of robbery under § 29.02 qualifies as the enumerated offense of robbery for purposes of § 2L1.2.  Gonzalez's arguments are almost identical to the arguments made in <u>Santiesteban-Hernandez</u> and therefore provide no basis for relief.

Gonzalez also argues in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that the 96-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment.  He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Gonzalez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although he contends that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.