United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40380
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS AMAYA-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-525-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Amaya-Martinez appeals his conviction and sentence for illegal reentry pursuant to 8 U.S.C. § 1326(a), (b). Amaya-Martinez argues that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas robbery conviction under TEX. PENAL CODE ANN. § 29.02 (Vernon 1999). He also argues that the enhancement provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Robbery is expressly listed as a crime of violence in the commentary to § 2L1.2. See § 2L1.2, comment.(n.1(b)(iii)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We recently held in <u>United States v. Santiesteban-Hernandez</u>, 469 F.3d 376, 378-82 (5th Cir. 2006), that the Texas offense of robbery under § 29.02 qualifies as the enumerated offense of robbery for purposes of § 2L1.2.  Amaya-Martinez's arguments are almost identical to the arguments made in <u>Santiesteban-Hernandez</u> and therefore provide no basis for relief.

Amaya-Martinez's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Amaya-Martinez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.