United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51513
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO VILLEGAS-CARRANZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-630-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Guillermo Villegas-Carranza (Villegas) appeals following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Villegas argues that the district court erroneously construed his prior conviction in Texas for robbery as a crime of violence and incorrectly applied a sentence enhancement under U.S.S.G. § 2L1.2. We have recently resolved this issue against Villegas, however. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378-81 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villegas next argues that the sentence was unreasonable because it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). The district court imposed the sentence after hearing extensive argument from counsel. It is apparent from the court's comments that the court did consider all of the factors that Villegas presented in his argument, but it exercised its discretion to impose a sentence at the bottom of the guideline range rather than depart downward. The sentence imposed was reasonable. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Villegas does not contend that the addition of two criminal history points because he was on probation at the time of his offense was an incorrect application of the sentencing guidelines. He does not contend that the guidelines sentencing range was improperly calculated.

Villegas argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 41-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Villegas's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided

and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Villegas concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.