United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40726
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME GEOVANI AYALA-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-1067-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Geovani Ayala-Mendez (Ayala) appeals his guilty-plea
conviction and sentence for being found in the United States
unlawfully after a prior deportation.  The district court applied
the 16-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and
sentenced Ayala to 37 months of imprisonment.  Ayala argues that
the district court erred by imposing the enhancement based on the
court's determination that his prior Texas state conviction for
robbery qualified as a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robbery is an enumerated crime of violence under § 2L1.2, comment. (n.1(B)(iii)).  This court recently held in United States v. Santiesteban-Hernandez, 469 F.3d 376, 378-82 (5th Cir. 2006), that the definition of robbery under TEX. PENAL CODE ANN. § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2.  Accordingly, Ayala's assertion that the district court erred in applying the 16-level enhancement under § 2L1.2 based on his prior robbery conviction is without merit.

Ayala also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Ayala's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ayala contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Ayala properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.