# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-51393
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TRACY DONNELL BOGARD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-137-2

Before WIENER, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tracy Donnell Bogard challenges the sentence imposed following his guilty-plea conviction of conspiracy to distribute at least 500 grams of methamphetamine, possession with intent to distribute a detectable amount of methamphetamine, and "conspiracy to possess with intent to distribute and distribute at least five grams of 'crack' cocaine," in violation of 21 U.S.C. §§ 841 and 846. Although Bogard concedes that he has two prior convictions in Mississippi state court of robbery

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with a deadly weapon, he contends that the district court erred by determining that these convictions were "crimes of violence" and thus warranted enhancement for his being a career offender under U.S.S.G. § 4B1.1(a)(2005). He also contends that the district court (1) clearly erred when it determined that his two prior robbery convictions were not related and therefore qualified as two separate convictions under § 4B1.1(a)(3), and (2) erred when it relied on only the presentence report (PSR) for both the crime of violence determination and the conclusion that his prior convictions were not related.

Bogard did not protest in the district court that his Mississippi robbery convictions were not crimes of violence, so we review this issue for plain error. *See United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003). The district court committed "clear" or "obvious" error in Bogard's case when it relied solely on the PSR in its crime of violence determination. *See United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (2006). Conceding that he was convicted in Mississippi of robbery with a deadly weapon, Bogard focuses his argument on the Mississippi robbery statute, MISS. CODE ANN. § 97-3-73 (West 1992), without addressing the Mississippi offense of robbery with a deadly weapon, MISS. CODE ANN. § 97-3-79 (West 1992). As both statutes contain the basic elements of the generic offense of robbery, *see United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006), the district court correctly determined that Bogard's offenses constituted crimes of violence. Consequently, Bogard has failed to establish plain error. *See United States v. Olano*, 507 U.S. 725, 736 (1993).

Bogard's assertion that the district court erred when it relied solely on the PSR to determine that his prior robbery convictions counted as two unrelated convictions for crimes of violence is  reviewed for plain error, because he did not object on this basis in the district court. *See Green*, 324 F.3d at 381. Bogard did, however, contend in the district court that his two prior robbery convictions were related and should be counted as only one conviction. Although we review de novo the district court's determination of "relatedness" under § 4A1.2, a deferential standard of review is applied to the district court's determination whether an offender's prior convictions were consolidated. *See Buford v. United States,* 532 U.S. 59, 64 (2001); *United States v. Moreno-Arredondo,* 255

2

F.3d 198, 203 n.10 (5th Cir. 2001).

Bogard's conclusional assertions do not validate his insistence that the district court erred in determining that he had two prior crime of violence convictions and sentencing him as a career criminal. *See Buford,* 532 U.S. at 64; *United States v. Robinson*, 187 F.3d 516, 519 (5th Cir. 1999); § 4B1.1(a); § 4B1.2(a); § 4A1.2 comment. (n.3). Moreover, Bogard has failed to establish that the district court plainly erred when it relied on the PSR to determine whether the offenses qualified as two prior offenses under § 4B1.1(a)(3). *See Olano*, 507 U.S. at 731-37.

Bogard, who is represented by counsel, has filed a pro se FED. R. APP. P. 28(j) letter. By accepting the assistance of counsel, Bogard has waived his right to present pro se arguments on direct appeal. *See Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996).

For the foregoing reasons, the judgment of the district court is AFFIRMED.