IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40928
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSHUA JOB SOLIS-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-15-1

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joshua Job Solis-Herrera (Solis) appeals the 70-month sentence he received following his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. This court reviews a sentencing decision for "reasonableness," which is the equivalent of abuse-of-discretion review. United States v. Gall, 128 S. Ct. 586, 594 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not treat the Guidelines as mandatory and stated that it had considered the § 3553(a) factors to determine a reasonable sentence. See id. Solis argues that the sentence should nevertheless be vacated and the case summarily remanded on the basis of the Supreme Court's intervening decisions in Gall and Kimbrough v. United States, 128 S. Ct. 558 (2007), which, he urges, "have fundamentally altered the legal landscape of federal sentencing." The argument is not well-taken as nothing in the record suggested that the district court was constrained by this court's precedent from fully considering Solis's arguments for a non-guideline sentence. See United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008). Specifically, Solis contends that the district court erroneously felt it lacked the discretion to disagree with the Guidelines instruction to run the sentence consecutively to his prior undischarged term. However, the record establishes that the district court was aware of its authority to decline to impose a consecutive sentence if it felt the purposes of § 3553(a) were better served by concurrent sentences. Contrary to Solis's assertion, the district court did not feel it lacked the authority to impose concurrent sentences; rather, it simply denied his request for concurrent sentences based on its determination that a consecutive sentence was appropriate on the facts of the case.

Solis further contends that the district court felt constrained not to deviate from the Guidelines despite its disagreement with guidelines policy choices regarding the 16-level U.S.S.G. § 2L1.2(b) increase. This argument is similarly not supported by the record. The district court rejected Solis's contention that the 16-level enhancement was inappropriate because robbery was not a "crime of violence" within the meaning of § 2L1.2(b)(1)(A), which argument Solis conceded was foreclosed by Fifth Circuit precedent. See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006). At no time did the district court indicate that it would have been inclined not to impose the increase

because of the individual circumstances of Solis's conviction but believed it lacked the authority to do so.

Additionally, Solis argues, for the first time on appeal, that the district court erred in assessing the 16-level increase because such increase is "empirically unsupported." By "empirically unsupported," Solis means that the Sentencing Commission did not determine the appropriateness of the amount of increase, 16 levels, based on empirical data and thus the decision to increase by 16 levels was "essentially arbitrary."

To satisfy procedural reasonableness, the district court is required first to correctly calculate the guidelines range, and the § 2L1.2(b)(1)(A) increase was properly applied in the instant case due to Solis's prior robbery conviction. See Gall, 128 S. Ct. at 597; see also Santiesteban-Hernandez, 469 F.3d at 378. Solis's argument that the enhancement should not apply due to any lack of empirical support is without merit. See Campos-Maldonado, 531 F.3d at 338-39.

AFFIRMED.