**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40449
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENRIQUE ORTEGA-ALFERES, also known as Daniel Villalobos-Alferes

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-687-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Enrique Ortega-Alferes (Ortega) appeals his guilty plea conviction and sentence for being found in the United States unlawfully after a prior deportation. *See* 8 U.S.C. § 1326. The district court applied the 16-level enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and sentenced Ortega to 37 months of imprisonment.

Ortega claims that the district court committed reversible error because, before accepting his guilty plea, it failed to warn him that deportation was a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possible consequence of conviction. He also contends that the district court erred by imposing his enhancement based on the court's determination that his prior Texas state conviction for robbery by threats qualified as a crime of violence.

The possibility of deportation is a collateral consequence of a guilty plea. *United States v. Santos-Sanchez*, 548 F.3d 327, 336 (5th Cir. 2008). A defendant need not be told of his guilty plea's collateral consequences in order that the plea may be deemed voluntary and intelligent. *Id.* Consequently, there is no merit to Ortega's claim that the district court erred by failing to warn him of the possibility of deportation before accepting his guilty plea.

Robbery is an enumerated crime of violence under § 2L1.2, comment. (n. 1(B)(iii)). In *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006), we held that the definition of robbery by threats under TEX. PENAL CODE ANN. § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2. Accordingly, there is no merit to Ortega's assertion that the district court erred in applying the 16-level enhancement under § 2L1.2 based on his prior robbery conviction.

AFFIRMED.