# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON BEASLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-484-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Aaron Beasley pleaded guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and he received a sentence of 57 months in prison, to be followed by a two-year term of supervised release. On appeal, Beasley asserts that the district court erred in the sentencing calculations because his prior Texas convictions for aggravated robbery did not constitute the enumerated offense of "robbery" under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10945

§ 4B1.2.  As he concedes, however, his claim is foreclosed by circuit precedent. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc).

In addition, Beasley argues that § 922(g)(1) exceeded Congress's authority under the Commerce Clause because it is not necessary to prove that his possession of the firearm was in or affected interstate commerce.  In support of his assertion, he relies on *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012).  However, he acknowledges that his argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 143-46 (5th Cir. 2013).

In his final ground for relief, Beasley cites to *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), to support his proposition that his convictions may not stand because the indictment did not allege and Beasley did not admit that he knew his possession of the firearms was in or affected interstate commerce. A conviction under § 922(g)(1) requires proof that the defendant knew he possessed the firearm but does not require knowledge of the interstate nexus. *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988).  In *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009), this court held that *Dancy* remained good law even after the Supreme Court's decision in *Flores-Figueroa*, which addressed the mens rea element of a different statute.  Accordingly, as Beasley concedes, his argument is foreclosed.

In light of the foregoing, Beasley's motion for summary disposition is GRANTED.  The judgment of the district court is AFFIRMED.