# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10393
c/w No. 18-10394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD RAY CROSBY,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-338-1
USDC No. 3:16-CR-405-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edward Ray Crosby pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute a controlled substance. Based on these new law violations and others, the district court revoked Crosby's supervised release. The court sentenced Crosby to 120 months on the firearms count and 168 months on the drug count, to run concurrently, and to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10393
c/w No. 18-10394

concurrent three-year terms of supervised release.  Regarding the revocation, the court sentenced Crosby to 24 months in prison, with 12 months to run concurrently with the sentence on the new law counts and 12 months to run consecutively; the court did not impose an additional term of supervision.

Crosby argues that the district court plainly erred in determining that his Texas aggravated robbery convictions are crimes of violence as defined in U.S.S.G. § 4B1.2 for purposes of determining his base offense level under U.S.S.G. § 2K2.1(a)(2).  He asserts that the offense of Texas robbery is broader than the generic definition of robbery and does not have the use of force as an element of the offense.[1]

The Government has filed an unopposed motion for summary affirmance, asserting that the argument is foreclosed.  Crosby correctly concedes that his argument is foreclosed by *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc). He raises the issue only to preserve it for further review; thus, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

[1]Crosby does not raise any challenge to the revocation of his supervised release or the sentence imposed.