# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAULITO GOVEA-SAN ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-48-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Paulito Govea-San Roman pleaded guilty of illegal reentry after deportation, and he was sentenced to a 57-month term of imprisonment and to a three-year period of supervised release. Govea-San Roman contends that use of the 2016 Guidelines Manual in determining his sentence violated his rights under the Ex Post Facto Clause and that he should have been sentenced under the 2015 Guidelines Manual. He posits that, under the 2015 Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10305

Manual, the 46- to 57-month guidelines range would only apply to him if the court imposed the 16-level crime-of-violence enhancement because of his robbery conviction. The 16-level enhancement would apply if the court determined that the offense was an enumerated offense of robbery or had as an element the use, attempted use, or threatened use of physical force against the person of another. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) & U.S.S.G. § 2L1.2, comment. (n.(1)(B)(iii)) (2015).

This court has previously held that the Texas robbery statute lacks force as an element but that it is equivalent to the generic definition of robbery. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379-82 (5th Cir. 2006), *overruled on other grounds*, *United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc)). Although he concedes that the issue he has raised is foreclosed under current law, Govea-San Roman contends that *Santiesteban-Hernandez* was wrongly decided, and he wishes to preserve the issue for possible further review. The Government has moved for summary affirmance or, in the alternative, an extension of time within which to file a brief on the merits.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because the only argument raised on appeal is foreclosed by precedent from this court, the Government's motion for summary affirmance is GRANTED and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as unnecessary.