# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20322
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL OERTHER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-269-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges
PER CURIAM:[*]

Michael Oerther pleaded guilty to being a felon in possession of a firearm, and he received a within-guidelines sentence of 57 months in prison. On appeal, he contends that the district court wrongly imposed a base offense level pursuant to U.S.S.G. § 2K2.1(a)(3) because his prior Texas felony robbery conviction does not qualify as a crime of violence. Oerther concedes that this court has previously held that Texas robbery satisfies the generic,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contemporary meaning of "robbery" and thus is an enumerated COV under § 2K2.1(a)(3) & comment. (n.1) and U.S.S.G. § 4B1.2(a)(2). *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006), *overruled in part on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc). He maintains, however, that since our decision in *Santiesteban-Hernandez*, the Texas Court of Criminal Appeals (TCCA) has broadened the scope of Texas robbery so that it no longer fits within the generic definition of robbery. In support of this contention, Oerther cites to *Howard v. State*, 333 S.W.3d 137, 137-40 (Tex. Crim. App. 2011), in which the TCCA held that a defendant need not physically interact with the victim for the offense to qualify as robbery.

This contention is without merit. In *Santiesteban-Hernandez*, we repudiated the notion that generic robbery specifically requires the defendant to take the property from the person or presence of another, concluding instead that the Texas statute satisfied the common-law requirement that a victim be placed in "immediate danger" by requiring a defendant to cause or threaten bodily injury to the victim. *See Santiesteban-Hernandez*, 469 F.3d at 380-81. Even if Oerther is correct in his assertion that generic robbery requires the defendant to take property from the presence of the victim, *Howard* is consistent with such a conclusion. Although the victim in *Howard* was in a different room when the robbery occurred, the property was sufficiently within the victim's control that he could have retained his possession of it if he had not been overcome by fear. *See Howard*, 333 S.W.3d at 137-38.

Nothing in *Howard* undermines our prior precedent that "the elements of the Texas statute substantially correspond to the basic elements of the generic offense." *Santiesteban-Hernandez*, 469 F.3d at 381. Accordingly, under this court's precedent, Texas robbery is no broader than generic robbery.

No. 17-20322

*See Bustos v. Martini Club Inc.*, 599 F.3d 458, 462-63 (5th Cir. 2010) (stating that this court applies precedential opinions interpreting state law unless a subsequent decision by the state courts or amendment to the relevant statutes makes the panel decision clearly incorrect). The judgment of the district court is therefore AFFIRMED.