# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10933
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 27, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JULIAN CORONA-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-392-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jesus Julian Corona-Perez appeals the sentence imposed following his guilty plea conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. He argues that the district court erred in determining that his prior Texas robbery conviction was a crime of violence pursuant to U.S.S.G. § 2L1.2. He correctly concedes that this argument is foreclosed by *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10933

(No. 19-6186), and *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013), but he seeks to preserve it for further review.

Corona-Perez also argues that his sentence exceeds the statutory maximum sentence allowed by § 1326(a). Specifically, he argues that § 1326(b) is unconstitutional because it treats a prior conviction for a felony as a sentencing factor and not an element of a separate offense that must be proved to a jury beyond a reasonable doubt. Corona-Perez correctly concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). However, he seeks to preserve the issue for further review.

The Government has moved for summary affirmance or, alternatively, an extension of time to file a brief. Because Corona-Perez's arguments are foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.