# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2021

Lyle W. Cayce
Clerk

No. 20-11182
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Donnell Parker,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-192-1

Before Owen, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:*

Donnell Parker appeals his conviction and sentence for possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As an initial matter, Parker contends that § 922(g)(1) is facially unconstitutional and that the district court erred by categorizing his prior

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-11182

Texas robbery conviction as a "crime of violence" under U.S.S.G. § 4B1.2 for purposes of determining his base offense level under U.S.S.G. § 2K2.1(a). As he admits, these claims are foreclosed by this court's precedent, and he raises the claims to preserve them for further review. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (holding that § 922(g)(1) does not violate the Commerce Clause); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006) (concluding that Texas robbery qualifies as generic robbery and is a crime of violence under U.S.S.G. § 2L1.2), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 552-57 (5th Cir. 2013) (en banc).

In addition, Parker argues that his above-guidelines sentence of 65 months' imprisonment was substantively unreasonable because the guidelines range already took into account his criminal history and because the district court failed to consider his mitigating arguments fully. However, he does not show that the district court failed to account for a sentencing factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in judgment when balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Accordingly, he fails to show that the district court's above-guidelines sentence was an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.