# United States Court of Appeals for the Fifth Circuit

_____

No. 21-50239
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lucas James Tighe,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-338-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lucas James Tighe appeals the sentence imposed following his conviction of three firearm offenses.  He argues that the district court erred by (1) assessing a base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3) (2018); (2) applying a four-level enhancement pursuant to former § 2K2.1(b)(5); (3) ordering the sentence for Count One to run consecutively

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to the sentences for Counts Two and Three; and (4) ordering restitution in an amount greater than the loss that Tighe caused. In response, the Government has filed an unopposed motion to vacate and remand for resentencing, and it concedes that the court erred in calculating Tighe's base offense level.

Applying plain error review, we agree with the parties that Tighe's prior conviction for Oklahoma accessory to robbery is not a crime of violence under the Guidelines and that the sentencing court committed a clear or obvious error by applying § 2K2.1(a)(3). *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006); *State v. Truesdell*, 620 P.2d 427, 428 (Okla. Crim. App. 1980); OKLA. STAT. tit. 21, § 173 (2009); U.S.S.G. § 4B1.2(a). Moreover, the error affects Tighe's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Blanco*, 27 F.4th 375, 381 (5th Cir. 2022). We will therefore exercise our discretion to correct the error. *See Puckett*, 556 U.S. at 135.

Accordingly, we GRANT the Government's motion to vacate and remand for resentencing, and we DENY its alternative motion for an extension of time to file a brief. We VACATE the sentence, including the restitution order, and REMAND for resentencing. Because we are vacating Tighe's entire sentence, we need "not reach his other arguments of sentencing errors." *United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).