# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40806
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN SANCHEZ-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1655

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jonathan Sanchez-Ramos appeals the sentence imposed following his guilty plea to being unlawfully present in the United States in October 2014 after he had been deported, in violation of 8 U.S.C. § 1326. He argues that the district court erred in applying a 16-level enhancement for a crime of violence enumerated in the commentary to U.S.S.G. § 2L1.2, based on his 2005 New York conviction of attempted robbery in the second degree.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40806

Neither his arguments nor his objections were sufficient to put the district court on notice of the arguments Sanchez-Ramos now makes on appeal. *See* FED. R. CRIM. P. 51(b); *see also United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012); *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Accordingly, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To establish plain error, Sanchez-Ramos must show a forfeited legal error that is clear or obvious, i.e., not subject to reasonable dispute, and that affects his substantial rights.  *See id.*  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Sanchez-Ramos argues that the New York definitions of "robbery" and of "attempt" do not meet the generic, contemporary meanings of those terms.  *See* N.Y. PENAL LAW ¶¶ 110.00, 160.00, 160.10 (West 2005).  Robbery is an offense defined at common law, and this court has derived its generic, contemporary meaning from "definitions in the variety of state codes, the Model Penal Code, federal law, and criminal law treatises."  *United States v. Rodriguez*, 711 F.3d 541, 552 n.16, 553 n.17, 558 (5th Cir. 2013) (en banc); *see United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *abrogated on other grounds by Rodriguez.*  "[T]he generic form of robbery may be thought of as aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person," such as taking property from a person or a person's presence by means of force or putting in fear, as in New York's § 160.00.  *Santiesteban-Hernandez*, 469 F.3d at 380 & n.5.

While Sanchez-Ramos acknowledges this court's precedent, he argues that robbery under New York law does not meet the generic, contemporary

definition of robbery set forth in the Model Penal Code § 222.1, which requires the actual or threatened infliction of serious bodily injury.  He gives no reason why we are not bound by the definition set forth in *Santiesteban-Hernandez*. *See United States v. Treft*, 447 F.3d 421, 425 (5th Cir. 2006) ("Absent an intervening Supreme Court or en banc decision or a change in statutory law," this court is "bound to follow a prior panel's decision.").  Accordingly, he has not shown that the district court erred by determining that his New York robbery offense qualified as robbery, an enumerated crime of violence.

The generic form of attempt requires a mens rea of intent to commit some other crime and an actus reus of a substantial step that "must both (1) be an act strongly corroborative of the actor's criminal intent and (2) amount to more than mere preparation." *United States v. Sanchez*, 667 F.3d 555, 561-63 (5th Cir. 2012) (quote at 563).  Sanchez-Ramos addresses only the substantial step requirement and argues that the language of the New York attempt statute, N.Y. Penal Code § 111.00, appears to cover any conduct, however slight, that tends to effect the crime and thus is broader than the substantial step required under the contemporary, generic meaning of attempt.  Circuits that have addressed this issue have determined that, in practice, New York requires conduct equivalent to the generic substantial step. *United States v. Rivera-Ramos*, 578 F.3d 1111, 1114 (9th Cir. 2009); *United States v. Fernandez-Antonia*, 278 F.3d 150, 162-63 (2d Cir. 2002).  Sanchez-Ramos has not cited any authority which has held to the contrary.  As such, he has not shown that the district court committed any error in concluding that his attempt to commit second degree robbery qualified as an enumerated crime of violence. *See* § 2L1.2, comment. (n.1(B)(iii)), (n.5); *see Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.