**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2012

No. 11-51218
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO SANCHEZ-LOPEZ, also known as Fransisco Mendoza-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1396-1

Before JONES, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Sanchez-Lopez appeals the 60-month sentence imposed after his guilty-plea conviction for illegal reentry following deportation. He argues that the district court committed error by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas conviction for aggravated robbery. Because Sanchez-Lopez raised this argument in the district court, our review is de novo. *United States v. Sandoval-Ruiz*, 543 F.3d 733, 734-35 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51218

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after a conviction for a crime of violence. The commentary to § 2L1.2 provides that a prior conviction is a crime of violence if it qualifies as an enumerated offense or has "as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)).

Robbery is an enumerated crime of violence under § 2L1.2, comment. (n.1(B)(iii)). In *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378-82 (5th Cir. 2006), we held that the definition of robbery under Texas Penal Code § 29.02 substantially corresponds to the generic, contemporary meaning of robbery and thus qualifies as an enumerated offense under § 2L1.2. Accordingly, it follows that the offense of aggravated robbery, as set forth in § 29.03 of the Texas Penal Code, is also a crime of violence because it includes every element required for a conviction under § 29.02. *See* § 29.03(a). Sanchez-Lopez therefore has not shown that the district court erred by enhancing his sentence pursuant to § 2L1.2(b)(1)(A)(ii).

AFFIRMED.