# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11453
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACY NEIL TRUELOVE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-121-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tracy Neil Truelove appeals the 77-month sentence he received following his guilty plea conviction for being a felon in possession of a firearm. He contends that the district court erred in assessing a base offense level of 24, pursuant to U.S.S.G. § 2K1.2(a)(2), based on the determination that he committed the instant offense after two felony convictions for crimes of violence, as defined by U.S.S.G. § 4B1.2(a) (2014). Truelove asserts that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11453

prior Texas convictions for robbery and aggravated robbery are crimes of violence only under the residual clause of former § 4B1.2(a) and accompanying commentary, which is invalid and void for vagueness following *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Government has filed an unopposed motion for summary affirmance in light of *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Summary affirmance is proper where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Beckles*, 137 S. Ct. at 892, the Supreme Court declined to extend *Johnson* and held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Texas robbery and aggravated robbery qualify as enumerated crimes of violence under the former commentary to § 4B1.2. *See United States v. Flores-Vasquez*, 641 F.3d 667, 670 n.1 (5th Cir. 2011); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc); *United States v. Sanchez-Lopez*, 493 F. App'x 557, 558 (5th Cir. 2012). Thus, Truelove's appellate argument is foreclosed.

The motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.[1] The Government's alternative motion for an extension of time to file a brief is DENIED.

---

[1] Because summary affirmance is appropriate, this court pretermits the question whether the appeal is barred by the waiver-of-appeal provision in the written plea agreement. *See United States v. Story,* 439 F.3d 226, 230-31 (5th Cir. 2006)