# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2014

Lyle W. Cayce
Clerk

No. 13-20316
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERESO ORTIZ-ROJAS, also known as Tereso Rojas Ortiz, also known as Terso Rojas Ortiz, also known as Raul Ernesto Ortiz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-536-1

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tereso Ortiz-Rojas (Ortiz), an alien, pleaded guilty to illegal reentry following deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court imposed a below-guidelines sentence of 48 months in prison. Ortiz argues that the district court committed reversible error when it applied a 16-level crime of violence (COV)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his 2002 felony robbery conviction, under Texas Penal Code § 29.02.

"We review de novo whether a prior conviction qualifies as a crime of violence within the meaning of the Guidelines." *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.), *cert. denied*, 134 S. Ct. 512 (2013). But, for unpreserved error, we review only for plain error. Under that standard, the defendant must show a plain (clear or obvious) forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Ortiz argues, as he did below, that the district court erred in applying the 16-level COV enhancement "because his prior Texas robbery conviction does not meet the definition of a 'crime of violence' under 8 U.S.C. § 1101(a)(43)(F)" as set forth in 18 U.S.C. § 16. This argument lacks merit. For purposes of the 16-level enhancement under § 2L1.2(b)(1)(A)(ii), the term "crime of violence" is not defined by reference to § 1101(a)(43) or § 16. *See* § 2L1.2, comment. (n.1(B)(iii)). Indeed, the Guidelines contemplate that an offense may be a COV for purposes of § 2L1.2(b)(1)(A)(ii) and not meet the aggravated felony definition under § 1101(a)(43). § 2L1.2, comment. (n.7(C)).

Next, Ortiz argues that his Texas robbery offense does not meet the generic definition of the enumerated offense of robbery and does not have as an element the requisite use of force. *See* § 2L1.2, comment. (n.1(B)(iii)). This court has already determined the generic, contemporary meaning of the enumerated offense of robbery and held that Texas robbery meets that definition. U*nited States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541,

548 (5th Cir.), *cert. denied*, 134 S. Ct. 512 (2013)). Relying on a footnote in *Santiesteban-Hernandez,* 469 F.3d at 379 n.4, Ortiz argues that the holding in that case is not controlling in his case because in a Texas robbery bodily injury can be caused recklessly and "this [c]ourt specifically reserved the question of differing mens rea standards allowed in Texas robbery for purposes of generic robbery analysis." He has misconstrued the footnote, which noted that the court was "not present[ed] the question of whether the mens rea differ[ed]" between the generic definition and the state statute, *id.* at 379 n.4, because generic definition of robbery did not require a particular mens rea.

For the first time on appeal, Ortiz argues that his robbery offense is not a COV under § 2L1.2(b)(1)(A)(ii) because, by incorporating all Chapter 31 theft offenses, which include theft of services and theft by fraud or deception and which do not meet the generic definition of theft, the Texas robbery statute criminalizes conduct that falls outside of the generic, contemporary meaning of robbery. *See* TEX. PENAL CODE ANN. § 29.02(a). Ortiz's argument regarding theft of services is unpersuasive because the Texas robbery statute specifically contemplates the theft of property. *See* § 29.02(a).

Ortiz has pointed to no cases in which the court, in determining whether a state offense meets the generic definition of robbery, which includes the element of theft, has looked to whether the state theft statute meets the generic definition of theft. This court did not do so in *Santiesteban-Hernandez*, 469 F.3d at 380-81. Nor has Ortiz pointed to any case in which the Texas courts have upheld a robbery conviction where the underlying theft was by deception or for theft of services. Thus, he has not demonstrated a realistic probability that Texas would apply its robbery statute to conduct that falls outside the generic definition of robbery. *United States v. Guerrero-Navarro*, 737 F.3d 976, 978 (5th Cir. 2013).

No. 13-20316

In light of this court's binding precedent in *Santiesteban-Hernandez*, the district court did not err, plainly or otherwise, in determining that Ortiz's Texas robbery conviction met the generic definition of the enumerated offense of robbery and in applying the 16-level COV enhancement.  The district court's judgment is AFFIRMED.