# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 21-50218
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacob Allen Adair,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-303-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Jacob Allen Adair appeals the 57-month within-guidelines prison sentence that the district court imposed following his guilty-plea conviction for possessing a firearm after a felony conviction. He argues that the district court erred in assigning a base offense level under U.S.S.G. § 2K2.1(a)(4)(A) because his prior Texas robbery conviction does not constitute a "crime of violence."

We review challenges to a district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Howell*,

No. 21-50218

838 F.3d 489, 493 (5th Cir. 2016). "In determining if a prior conviction is for an offense enumerated or defined in a Guidelines provision, we generally apply the categorical approach." *Id.* at 494. That is, we "look to the elements of the offense enumerated or defined by the Guideline section and compare those elements to the elements of the prior offense for which the defendant was convicted." *Id.* "If the offense is an enumerated offense, . . . we first determine the elements contained in the generic, contemporary meaning of that offense." *Id.*

The term "crime of violence," as used in § 2K2.1, is defined in U.S.S.G. § 4B1.2(a). § 2K2.1 cmt. n.1. That subsection provides that "'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that either "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another" or "(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material." U.S.S.G. § 4B1.2(a). While the Government concedes that Texas robbery does not constitute a crime of violence under § 4B1.2(a)(1), it contends that the state offense fits within the generic, contemporary meaning of "robbery" and thus corresponds to an enumerated crime of violence under § 4B1.2(a)(2). In support of this position, the Government cites *United States v. Santiesteban-Hernandez*, 469 F.3d 376 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 554-55 (5th Cir. 2013) (en banc). Adair maintains that *Santiesteban-Hernandez* is not dispositive.

In *Santiesteban-Hernandez*, the court determined that the elements of Texas robbery "substantially correspond to the basic elements of the generic offense" of robbery. 469 F.3d at 381. Accordingly, the court held that Texas robbery qualifies as a "crime of violence" for purposes of U.S.S.G. § 2L1.2. *Id.* at 378. We have held that "a prior conviction that would qualify for the

2

No. 21-50218

'crime of violence' enhancement under § 2L1.2 would also qualify for the enhancement under § 4B1.2." *United States v. Flores-Vasquez*, 641 F.3d 667, 671 n.1 (5th Cir. 2011). Therefore, Adair's Texas robbery conviction qualifies as a crime of violence under § 4B1.2(a)(2), and the district court properly applied § 2K2.1(a)(4)(A).

Adair contends that *Santiesteban-Hernandez*'s fourth footnote left open the possibility that generic robbery has a narrower mens rea element than Texas robbery. That footnote reads as follows:

> This appeal does not present the question of whether the mens rea differs between the statute governing the defendant's offense and the generic, contemporary meaning of the offense. However, such a situation would not alter the analysis; rather, mens rea would be another basic element on which the two definitions must correspond.

*Santiesteban-Hernandez*, 469 F.3d at 379 n.4.

Adair misconstrues this footnote, which, we have explained in an unpublished opinion, simply recognizes that the "generic definition of robbery did not require a particular mens rea." *United States v. Ortiz-Rojas*, 575 F. App'x 494, 495 (5th Cir. 2014) (unpublished).[1] Moreover, Adair's reading of this footnote is at odds with the opinion's conclusion that Texas robbery and generic robbery "substantially correspond." *Id.* at 381; *see Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (explaining that "if the crime of conviction covers any more conduct than the generic offense," the

---

[1] Of course, Texas robbery is not a strict liability crime. As *Santiesteban-Hernandez* recognized, Texas robbery has theft as one of its elements, 469 F.3d at 380, and Texas theft requires a "specific intent to deprive the owner of property." *Ex parte Smith*, 645 S.W.2d 310, 312 (Tex. Crim. App. 1983).

No. 21-50218

two do not correspond under the categorical approach). Two offenses cannot substantially correspond if they do not require the same mens rea.

The judgment of the district court is AFFIRMED.