# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2022

Lyle W. Cayce
Clerk

No. 21-10471
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAAKO WILLIAMS

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-180-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jaako Williams appeals the 110-month below-guidelines sentence imposed following his guilty plea conviction for possessing a firearm after a felony conviction. For the first time on appeal, he argues that the district court plainly erred in assigning him a base offense level pursuant to U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 2K2.1(a)(3) because his prior simple robbery conviction under Texas Penal Code § 29.02(a)(1) no longer constitutes a "crime of violence" in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). Williams concedes, however, that his argument is foreclosed, and he seeks to preserve it for further appellate review.

The Texas felony offense of simple robbery is a "crime of violence" if it "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is [the enumerated offense of] robbery." U.S.S.G. § 4B1.2(a)(1) & (2); *see* § 2K2.1, cmt. (n.1). *Borden* held that an offense with a mens rea of recklessness cannot qualify as a "violent felony" under the use-of-force clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). *See* 141 S. Ct. at 1825. By extension, a § 29.02(a)(1) Texas conviction for simple robbery, which could be committed simply by recklessly causing another to suffer injury during a theft, also no longer qualifies as a "crime of violence" under § 4B1.2(a)(1)'s force clause. *See United States v. Greer*, \_\_F.4th\_\_, No. 19-11348, 2021 WL 5999193, at *2 (5th Cir. Dec. 20, 2021) (holding that after *Borden*, prior convictions under Texas Penal Code § 22.01(a)(1), (b)(2)(A), and (b)(2)(B) for assault family violence no longer qualify as crimes of violence because the applicable statutory subsections do not include a force element with a mens rea greater than recklessness). *Borden*, however, did not address recklessness in the context of the enumerated-offenses clause, which is at issue here, and is therefore not controlling. *See United States v. Rayo-Valdez*, 302 F.3d 314, 318-19 (5th Cir. 2002) (explaining that enumerated offenses can be "crimes of violence" regardless of whether they necessarily involve the use of force).

In *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 377–82 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), this court held that the elements of the Texas

robbery statute "substantially correspond to the basic elements of the generic offense, in that they both involve theft and immediate danger to a person." Texas robbery therefore qualifies as a crime of violence under the enumerated-offenses clause of § 4B1.2(a), and the district court properly applied U.S.S.G. § 2K2.1(a)(3). *Santiesteban-Hernandez*, 469 F.3d at 381; *see also United States v. Adair*, 16 F.4th 469, 470-71 (5th Cir. 2021) (treating *Santiesteban-Hernandez* as good law post-*Borden*).

AFFIRMED.