# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2022

Lyle W. Cayce
Clerk

No. 20-11110
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNNY JASPER WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CR-22-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Johnny Williams pleaded guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11110

84 months of imprisonment and three years of supervised release. On appeal, he contended, among other things, that the district court erred by assigning a base offense level under U.S.S.G. § 2K2.1(a)(4)(A) because his Texas robbery conviction did not constitute a "crime of violence" per U.S.S.G. § 4B1.2(a). We affirmed, and the Supreme Court vacated and remanded based on *Borden v. United States*, 141 S. Ct. 1817 (2021).

In relevant part, § 4B1.2(a) defines a "crime of violence" as an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" or (2) is any of a list of enumerated offenses, including "robbery." When determining whether an offense qualifies as the enumerated offense of robbery, we look to that term's generic, contemporary meaning. *See United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). In *Borden*, the Supreme Court held that an offense that can be committed recklessly does not qualify as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), which defines a violent felony as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Borden*, 141 S. Ct. at 1821–25.

According to *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), the elements of the Texas robbery statute "substantially correspond to the basic elements of the generic offense." The holding in *Borden* does not affect this precedent. *See United States v. Adair*, 16 F.4th 469, 470–71 (5th Cir. 2021); *United States v. Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014). Therefore, Texas robbery qualifies as a crime of violence under the enumerated-offense clause of § 4B1.2(a), and the district court did not err by applying § 2K2.1(a)(4)(A).

AFFIRMED.