# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2022

Lyle W. Cayce
Clerk

No. 21-11033
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jordan Jenkins,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-576-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Jordan Jenkins appeals his conviction and sentence for possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). Jenkins contends for the first time on appeal that his conviction for the Texas offense of simple robbery under Texas Penal Code § 29.02 is not a crime of violence

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

under U.S.S.G. § 2K2.1 and U.S.S.G. § 4B1.2(a).  Also for the first time on appeal, Jenkins contends that § 922(g)(1) is an unconstitutional exercise of power under the Commerce Clause and, alternatively, that it should be construed to require either relatively recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct.  While Jenkins acknowledges his arguments are foreclosed, he nevertheless seeks to preserve them for possible Supreme Court review.  The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As Jenkins correctly concedes, his arguments are foreclosed with respect to § 922(g)(1), *see United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2524 (2021); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), and the characterization of his robbery conviction as a crime of violence under § 4B1.2(a)(2), *see United States v. Adair*, 16 F.4th 469, 470-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1215 (2022).  Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time is DENIED.