# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2022

Lyle W. Cayce
Clerk

No. 21-11151
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN CORNELIUS HARRIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-482-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Justin Cornelius Harris appeals the sentence imposed pursuant to his guilty plea for felon in possession of a firearm. He argues that his sentence was erroneously enhanced pursuant to U.S.S.G. § 4B1.2(a)(2) based on a determination that his prior Texas conviction for robbery by injury under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11151

Texas Penal Code § 29.02(a)(1) was a crime of violence. He concedes however, that the issue is foreclosed by *United States v. Adair*, 16 F.4th 469, 470 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1215 (2022), and he raised it solely to preserve its further review by the Supreme Court. The Government has moved, unopposed, for summary affirmance and, in the alternative, for an extension of time to file a merits brief.

*Adair* indeed held that Texas robbery qualifies as a crime of violence under § 4B1.2(a)(2). *Id.* Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.