# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2023

Lyle W. Cayce
Clerk

No. 22-10619
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRIAN MARC FRASER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-575-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Brian Marc Fraser appeals his conviction and sentence for possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). Fraser challenges the calculation of his base offense level on grounds that his convictions for the Texas offenses of simple robbery under Texas Penal Code § 29.02 and aggravated robbery under Texas Penal Code

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.4.

No. 22-10619

§ 29.03 are not crimes of violence for purposes of U.S.S.G. § 2K2.1 and U.S.S.G. § 4B1.2(a). Also, for the first time on appeal, Fraser contends that § 922(g)(1) is an unconstitutional exercise of power under the Commerce Clause and, alternatively, that it should be construed to require either relatively recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct. While Fraser acknowledges that his arguments are foreclosed, he nevertheless seeks to preserve them for possible Supreme Court review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As Fraser correctly concedes, his arguments are foreclosed with respect to § 922(g)(1), *see United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), and with respect to the characterization of his robbery convictions as crimes of violence under § 4B1.2(a)(2), *see United States v. Adair*, 16 F.4th 469, 470-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1215 (2022). Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as moot.