# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

No. 22-10892

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVAUDRICK ANTRON ETCHISONBROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-612-1

Before WIENER, WILLETT, and DOUGLAS, *Circuit Judges*.
PER CURIAM:[*]

Davaudrick Antron EtchisonBrown pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 85 months of imprisonment and three years of supervised release. EtchisonBrown argues that § 922(g)(1) is unconstitutional, that the district court erred by enhancing his base offense by concluding his prior conviction for Texas robbery qualifies as a crime of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10892

violence, and that the district court erred by not giving him a reduction for acceptance of responsibility. We AFFIRM.

I

In August 2019, EtchisonBrown was driving in Irving, Texas. He attempted to move into the middle lane, almost hit a passing vehicle, and swerved to avoid the collision. He then pulled alongside the vehicle, pointed a gun out his window, and shot. The vehicle was later found to have been hit thirteen times—one of the bullets even grazed the driver's head. EtchisonBrown fled the scene.

Officers detained him a few days later through a traffic stop. He consented to a search of his vehicle, and the officers recovered a Glock, Model 17, 9-millimeter pistol from under the driver's seat that was loaded with a 50 round drum magazine. EtchisonBrown confirmed that the firearm belonged to him, and shell casings recovered from the shot-at vehicle matched the firearm found in EtchisonBrown's vehicle.[1]

A federal grand jury charged EtchisonBrown with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2]

EtchisonBrown was granted pretrial release. The conditions included that he must: (1) "not violate federal, state, or local law while on release;" (2) "not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed to [him] by a licensed

---

[1] The Glock was determined not to have been manufactured in the state of Texas, to have traveled in interstate or foreign commerce to be present in Texas, and not to have been stolen.

[2] EtchisonBrown has one previous felony conviction for robbery from 2013 for stealing a woman's cell phone and assaulting her with three accomplices.

medical practitioner;" and (3) "submit to testing for a prohibited substance if required by the pretrial services office or supervising officer." Throughout 2020, EtchisonBrown repeatedly violated the above conditions by failing to submit drug tests, missing drug treatment, and testing positive for marijuana.[3] This conduct ultimately led the court to revoke his pretrial release and to remand him to custody in January 2021.

In July 2021, EtchisonBrown pleaded guilty to being a felon in possession of a firearm with no plea agreement. The district court accepted his plea.

The presentence report (PSR) recommended a base offense level of 22 under U.S.S.G. § 2K2.1(a)(3) because EtchisonBrown was "in possession of a semiautomatic firearm that can accept a large capacity magazine, and the defendant was convicted of Robbery, a crime of violence, on March 1, 2013." The PSR did not recommend giving EtchisonBrown a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because "he continued to engage in criminal conduct while on pretrial release."

EtchisonBrown objected to the PSR, arguing that he "entered his plea of guilty after the revocation of his pretrial release, knowing that Probation would most likely suggest a denial of the reduction for acceptance

---

[3] He failed to submit a urine specimen on June 19, July 17, and July 20, and tested positive for marijuana on June 22, 2020. He tested positive for marijuana again on August 5 and August 11. In response to these violations, the court modified his conditions to include participation in outpatient substance abuse therapy and counseling. EtchisonBrown then tested positive for marijuana again on September 17. He was permitted to remain on pretrial release after this violation. But on September 30, after testing positive for marijuana, he was referred to substance abuse treatment. On October 7, he was arrested for pending state warrants, and while he was incarcerated, he missed drug treatment sessions. Once he was released, EtchisonBrown failed to report for treatment sessions on November 4 and 18 and December 2 and 16. And on November 20, EtchisonBrown failed to submit a drug test.

of responsibility," and that "[t]his is significant evidence that [he] has shown remorse for both the offense of conviction and for violating conditions of pretrial release." Thus, he said he should receive the § 3E1.1(a) reduction. He also made a policy argument that to not give the acceptance-of-responsibility reduction "is to simply encourage those who have not succeed[ed] at pretrial release to go to trial" because they lose their only benefit "outside of the moral importance and self-value of accepting responsibility."

At sentencing he raised this same argument. The district court acknowledged the argument, but "after digging through the case law and getting to the bottom of it," concluded that "if there is a violation for some other commission of a crime, while on pretrial release, then that does constitute a lack of acceptance of responsibility." The district court viewed "the conduct that caused his revocation from pretrial release to amount to a lack of acceptance of responsibility" and overruled the objection.

The district court adopted the findings and conclusions from the PSR and concluded the total offense level was 26. The guideline range for imprisonment was accordingly 70 to 87 months. The district court imposed a sentence of 85 months and a three-year term of supervised release. It explained that the length of the sentence was mainly driven by the serious nature and circumstances of EtchisonBrown's offense but that EtchisonBrown's good performance in custody, his supportive family, and his troubled background persuaded it not to vary upward.

EtchisonBrown timely appealed.

## II

EtchisonBrown raises four issues on appeal. He argues that 18 U.S.C. § 922(g)(1) is unconstitutional because (1) it exceeds Congress's enumerated powers under the Commerce Clause, and (2) it violates the Second

No. 22-10892

Amendment, (3) that his 85-month sentence was reversible error because Texas robbery by causing injury is not a "crime of violence" under U.S.S.G. § 5B1.2, and (4) he should have been granted a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We address the constitutional challenges first.

A

Because EtchisonBrown did not raise either constitutional challenge to § 922(g)(1) before the district court, we review only for plain error. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). He must therefore show that the error is clear or obvious and that it affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes those showings, we have discretion to the correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration adopted) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

EtchisonBrown maintains that 18 U.S.C. § 922(g)(1) exceeds Congress's enumerated powers under *United States v. Lopez*, 514 U.S. 549 (1995). He acknowledges that we have consistently upheld the constitutionality of § 922(g)(1) under the Commerce Clause. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) (collecting cases); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). And he makes no argument that there has been an intervening change in the law that permits a subsequent panel to reconsider the issue. Accordingly, we are bound by our prior precedents and conclude that this argument is foreclosed. *See Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

EtchisonBrown also argues that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc v. Bruen* suggests that § 922(g)(1) is unconstitutional under the Second Amendment. *See* 142 S. Ct. 2111 (2022). In *Bruen*, the Supreme Court established a new test for assessing the

constitutionality of firearm regulations under the Second Amendment: "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects the conduct. . . . [T]he government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

Before *Bruen*, we held that § 922(g)(1) does not violate the Second Amendment. *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003). But the constitutionality of § 922(g)(1) *after Bruen* is not clear or obvious. In *Bruen* itself, Justice Kavanaugh concurred and indicated that "nothing in [*Bruen*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (alteration adopted) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) and *McDonald v. City of Chi., Ill.*, 561 U.S. 742, 786 (2010)). But the circuits that have already faced this question have come to different conclusions. For example, the Third Circuit concluded that "the [g]overnment has not shown that the Nation's historical tradition of firearms regulation supports depriving [felons] of [their] Second Amendment right to possess a firearm." *Range v. Att'y Gen.*, 69 F.4th 96, 103–06 (3d Cir. 2023). However, the Eighth Circuit relied on *Heller* and *McDonald,* as well as Justice Kavanaugh's *Bruen* concurrence, to reach the contrary conclusion that "[t]he longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023).

"There is no plain error if the legal landscape at the time showed the issue was disputed . . . ." *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009). On review for plain error, "a lack of binding authority is often dispositive." *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (citation and internal quotation marks omitted). "[E]ven where an argument merely requires extending existing precedent, the district court's failure to

do so cannot be plain error." *Jimenez v. Wood Cnty, Tex.*, 660 F.3d 841, 847 (5th Cir. 2011) (en banc). Because the constitutionality of § 922(g)(1) after *Bruen* is far from settled and there is no controlling authority, the district court's application of § 922(g)(1) to EtchisonBrown was not plain error.

B

EtchisonBrown claims that the district court erred in sentencing him to an 85-month term of imprisonment because it calculated his base offense level incorrectly by concluding that his prior Texas robbery conviction was a "crime of violence." When a defendant has been previously convicted of an offense that qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(2) and commits an offense that involved a semiautomatic firearm capable of accepting a large capacity magazine, the guidelines set a higher base offense level. U.S.S.G. § 2K2.1(a)(3). EtchisonBrown's base offense level was 22. Without the "crime of violence" finding, he contends that it should have been 20 under U.S.S.G. § 2K2.1(a)(4)(B). Because EtchisonBrown did not challenge his base offense level before the district court, we review only for plain error. *Howard*, 766 F.3d at 419.

Texas is unique in that it includes the mens rea of recklessness in its definition of robbery.[4] EtchisonBrown admits that this court has previously held that Texas robbery fits within the "generic" meaning of "robbery" in the Sentencing Guidelines and that it qualifies as a "crime of violence" under a similar Sentencing Guideline. *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006). He also acknowledges that this holding was

---

[4] The Texas Penal Code states that a person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a)(1).

recently reaffirmed in the context of U.S.S.G. § 4B1.2's use of the term "crime of violence" in *United States v. Adair*, 16 F.4th 469, 471 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1215 (2022).

Even so, EtchisonBrown argues that the issue is not foreclosed. He characterizes *Santiesteban-Hernandez* as having adopted a broader definition of generic robbery in order to encompass Texas's definition, and he contends that recent Supreme Court precedent[5] reveals that *Santiesteban-Hernandez* is "likely incorrect" because generic robbery does not include recklessness.

"[W]e follow the well-settled rule of orderliness: Three-judge panels abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (alterations adopted) (internal quotation marks and citation omitted). In *Adair*, we considered *Santiesteban-Hernandez* and affirmed that there we "recognize[d] that the 'generic definition of robbery did not require a particular mens rea'" and that Texas robbery and generic robbery "substantially correspond," which could not be the case if the two offenses "do not require the same mens rea." *Adair*, 16 F.4th at 471 (quoting *United States v. Ortiz-Rojas*, 575 F. App'x 494, 495 (5th Cir. 2014) (per curiam) (unpublished)).

A suggestion that one of our holdings is "likely incorrect" does not present an occasion for us to revisit our precedent. Our consideration of the issue and reaffirmance of *Santiesteban-Hernandez* in *Adair* followed all of the cases EtchisonBrown cites. *Adair*, 16 F.4th at 470–71. No intervening

---

[5] He cites the following Supreme Court decisions: *Samuel Johnson v. United States*, 76 U.S. 591 (2015); *Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017); *Stokeling v. United States*, 139 S. Ct. 544 (2019); and *Borden v. United States*, 141 S. Ct. 1817 (2021).

Supreme Court decision has explicitly or implicitly overruled our holding. We are accordingly bound by our prior precedent. The district court's selection of the base offense level was not plain error.

## C

Finally, EtchisonBrown argues that the district court did not give him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, comment n.3, because it erroneously believed that he had violated the conditions of his pretrial release *after* pleading guilty, when his violations all occurred *before* he pleaded guilty. "[D]eterminations regarding whether the defendant is entitled to a reduction for acceptance of responsibility are reviewed with particular deference." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019). We "will affirm the denial of a reduction for acceptance of responsibility unless it is 'without foundation, a standard of review more deferential than the clearly erroneous standard.'" *Id.* (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (per curiam)).

EtchisonBrown contends that the district court erroneously believed that he had violated the conditions of his pretrial release after pleading guilty because of two statements it made at sentencing. Specifically, the district court stated that "playing ball can certainly constitute criminal offensive behavior that happens after there has been a rearraignment," and that it understood "not all judges agree with that line of thinking that post-rearraignment conduct that is unlawful can constitute a lack of acceptance."

While the district court erroneously referred to post-rearraignment conduct twice, context shows that the district court understood that EtchisonBrown violated his pretrial release conditions prior to pleading guilty. The district court specifically discussed the timeline and observed that while EtchisonBrown was on supervised release he "was skipping drug tests or testing positive for marijuana," but "post-rearraignment," his conduct

was "stellar." It also received a written objection from EtchisonBrown arguing that he should receive the reduction because all his violations occurred *before* he pleaded guilty and heard argument on the objection right before making this statement. After hearing argument on that objection at sentencing, the district court explained that it recognized the policy arguments about whether to give acceptance of responsibility to defendants who violate their pretrial release conditions. However, after reviewing the caselaw, it "came down on the line of thinking that if there is a violation for some other commission of a crime, while on pretrial release, then that does constitute a lack of acceptance of responsibility."

It is undisputed that EtchisonBrown repeatedly violated his pretrial release conditions by failing to submit drug tests, missing drug treatment, and testing positive for marijuana. The entry of a guilty plea before trial "does not entitle the defendant to a reduction as a matter of right." *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996). A district court may "consider any violation of the defendant's pretrial release conditions" when deciding whether to grant a reduction for acceptance of responsibility and "[i]t is not reversible error for the district court to deny a § 3E1.1(a) reduction where the defendant broke the law while on bond." *United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020). Because of EtchisonBrown's violations of his conditions of release, there was foundation for the district court to deny the acceptance of responsibility reduction. *Lord*, 915 F.3d at 1017.

We AFFIRM.